IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,518






EX PARTE WILLIAM DUNCAN SARTAIN, II, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2010175 IN THE 198th DISTRICT COURT


FROM McCULLOCH COUNTY






 Per curiam.

 

O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of evading arrest
with a vehicle and sentenced to eleven years' imprisonment. The Third Court of Appeals affirmed
his conviction. Sartain v. State, No. 03-09-00066-CR (Tex. App-Austin, delivered May 19, 2010,
no pet.). 

 Applicant contends that his trial counsel rendered ineffective assistance because he failed to
investigate the validity of the prior convictions used by the State for purposes of enhancement during
his punishment hearing. The Applicant further alleges that two of the three convictions used to
elevate the punishment range in this case to that of a second degree felony were not final felony
convictions available for enhancement purposes and that counsel was ineffective for advising him
to plead true to the enhancement paragraphs.

 The trial court has determined, based upon the record, that trial counsel was ineffective and
that such ineffective representation prejudiced applicant. We find, therefore, that applicant is
entitled to relief. The sentence in Cause No. 5298 in the 198th Judicial District Court of McCulloch
County is set aside, and this cause is remanded to the trial court so that a new punishment hearing
may be held.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division.



Delivered: March 16, 2011

Do Not Publish